IN THE UNITED STATES DISTRICT COURT
FOR THE NORTH DISTIRCT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| FANNIE K. BLOODWORTH, ) <br> TEDRA PRYOR AND ) <br> JULIUS WATSON ) <br> ) <br>     PLAINTIFFS, ) <br> ) <br> v. ) <br> ) <br> OPEN HEARTS PERSONAL ) <br> CARE HOMES, LLC AND ) <br> DIANNA A. CLARKSON ) <br> ) <br> ) <br>     DEFENDANT. ) <br> _____ ) | CIVIL ACTION NO.: <br><br> JURY TRIAL REQUESTED |

## COLLECTIVE ACTION COMPLAINT

NOW COME Plaintiffs, Fannie K. Bloodworth, Tedra Pryor, and Julius Watson, and hereby file this action pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. §201 *et seq.* (hereinafter "FLSA"), seeking payment for unpaid wages, overtime wages, liquidated damages, actual damages, compensatory damages, for Defendants' violation of the FLSA. Plaintiffs further seek reasonable attorneys' fees, costs and interest pursuant to 29 U.S.C. §216(b). Plaintiffs state the following as their Collective Action Complaint in this matter:

## I. JURISDICTION AND VENUE

1.

Jurisdiction is conferred upon this Court by 29 U.S.C. §§216(b), 215(a)(3) of the Fair Labor Standards Act, by 29 U.S.C. §1331, this action arising under the laws of the United States, and by 28 U.S.C. §1337, this action arising under an act of Congress regulating commerce.

2.

Venue in this Court is proper pursuant to 28 U.S.C. §1391(b).

3.

Based upon Plaintiffs' information and belief, Open Hearts Personal Care Homes, LLC, Incorporated ("Open Hearts"), is a domestic limited liability company existing under the State laws of Georgia, with a principal place of business of 3418 Brenton Court, Atlanta, Georgia 30319.

4.

Service of process for Open Hearts can be effectuated through its registered agent, Dianna A. Clarkson, 3418 Brenton Court, Atlanta, Georgia 30319.

5.

Service of process for Dianna A. Clarkson ("Clarkson") can be effectuated at her place of employment 3418 Brenton Court, Atlanta, Georgia 30319.

6.

Clarkson is a person who acted directly or indirectly in the interest of an employer in relation to the Plaintiffs as defined by 29 U.S.C. 203(d). Specifically, Clarkson made employment and compensation decisions related for the Plaintiffs and other Defendants to this action.

7.

The cause of action set forth in this Complaint arose within this jurisdiction.

## II. PARTIES

8.

Plaintiff, Fannie K. Bloodworth, ("Bloodworth") is an adult resident citizen of DeKalb County, Georgia.

9.

Plaintiff, Tedra Pryor, ("Pryor") is an adult resident of DeKalb County, Georgia.

10.

Plaintiff, Julius Watson, ("Watson") is an adult resident of DeKalb County, Georgia.

11.

At all times relevant to this Complaint, Plaintiffs were "covered employee" as defined by 29 U.S.C. §203(e)(1).

12.

At all times relevant, Defendants employed the Plaintiffs to perform labor for its benefit in this District, and Defendants made employment and compensation related decisions regarding the Plaintiffs and other similarly situated employees within this District.

13.

At all times relevant hereto, Plaintiffs and other similarly situated employees suffered and/or were permitted to work for the benefit of the Defendants.

14.

Defendant, Open Hearts, lists its principal office address as 3418 Brenton Court, Atlanta, Georgia 30319. Upon information and belief, Defendant Open Hearts is a domestic Limited Liability Company conducting business within the State of Georgia and within this district.

15.

Defendant Clarkson is a resident of DeKalb County, Georgia.

16.

Clarkson is a managing member of Open Hearts. At all times relevant to this Complaint, Clarkson served as a supervisor, managing the day-to-day operation of the business, has responsibility for the supervision of the employees, has hiring and firing authority, makes compensation decision, and sets and enforces compensation and related policies for Open Hearts.

17.

Defendants describe the business as providing family-style residential care for adults with disabilities.

18.

The Defendants are engaged in interstate commerce for purposes of the FLSA.

19.

Upon information and belief, Defendants' gross revenue is in excess of $500,000 per year.

20.

Defendants directed Plaintiffs and directed its other similarly situated employees to individually engage in interstate commerce.

21.

Plaintiffs, as part of their job duties, regularly engaged in interstate commerce.

22.

Defendants are employers within the meaning of 29 U.S.C. §203(d) and are not exempt from the FLSA.

### III. FACTUAL ALLEGATIONS

23.

Plaintiff Bloodworth is an adult resident of the State of Georgia. Plaintiff Bloodworth was first employed by the Defendants in or around 2014.

24.

Plaintiff Pryor is an adult resident of the State of Georgia. Plaintiff Pryor was first employed by the Defendants in or around December, 2013.

25.

Plaintiff Watson is an adult resident of the State of Georgia. Plaintiff Watson was first employed by the Defendants in or around March 2013.

26.

Defendants compensated the Plaintiffs on an hourly basis.

27.

Plaintiffs were employed in a position that involved interstate commerce as defined by the FLSA and/or employed in an enterprise that engaged in interstate commerce.

28.

The Defendants set the compensation policies for all employees, which governed the manner in which employees were compensated, including timekeeping policies, the method of overtime compensation, *etc*.

29.

Clarkson enforced Open Heart's policies related to the compensation of the Plaintiffs and all similarly situated employees, which resulted in failure to fully and adequately compensate all Plaintiffs pursuant to the FLSA.

30.

Plaintiff Bloodworth was employed as Direct Care Staff and was compensated at the rate of $10 per hour during times relevant to this Complaint.

31.

Plaintiff Watson was employed as Direct Care Staff and was compensated at the rate of $10 per hour during times relevant to this Complaint.

32.

As Direct Care Staff, Plaintiffs Bloodworth and Watson's job function was to provide companionship services and fellowship services to disabled adults in a group home environment. Bloodworth and Watson also performed household services, such as cooking, cleaning, laundry, transportation as part of their duties, with such household services exceeding twenty percent (20%) of the total weekly hours worked.

33.

Plaintiffs Bloodworth and Watson routinely worked in excess of forty (40) hours per week, reporting the hours worked via a manual time sheet that was approved by Open Hearts. Despite reporting these hours, Open Hearts failed to pay the overtime premium.

34.

Plaintiff Pryor was employed by the Company in the position of Assistant Facility Manager ("AFM").

35.

The Company elected to compensate Plaintiff Pryor on an hourly basis.

36.

In her capacity as an AFM, Plaintiff Pryor was assigned by the Company to provide certain household services, such as cooking, cleaning, laundry, transportation, *etc.*, for its cliental in a group home setting.

37.

Defendants required Plaintiffs and to submit the hours suffered by utilizing a manual time card.

38.

Plaintiffs routinely worked in excess of forty (40) hours per week and reported these hours to the Defendants.

39.

Despite reporting the hours to the Defendants, the Defendants failed to fully and adequately compensate Plaintiffs for all hours suffered.

40.

The Defendants knowingly and willfully failed to compensate Plaintiffs by failing fully compensate them for their straight time wages as well as her overtime wages for hours worked in excess of forty (40) hours.

41.

Defendants have willfully failed to comply with the overtime provisions of the FLSA, 29 U.S.C. §207, specifically, by failing to pay Plaintiffs for the straight time rate and the premium overtime rate for all hours suffered, including those hours suffered over forty (40) hours.

42.

Defendants have willfully failed to comply with the provisions of the FLSA, 29 U.S.C. §207, specifically, by failing to pay Plaintiffs, and others similarly situated for all hours worked.

43.

Defendants have willfully failed to comply with the minimum wage provisions of the FLSA, 29 U.S.C. §207, specifically, by failing to pay Plaintiffs, and others similarly situated for all hours worked.

44.

Defendants have failed to keep accurate time records for the Plaintiffs in conformity with the FLSA.

45.

Defendants failed to properly post the Department of Labor wage and hour notices in conspicuous places as required by 29 C.F.R. §516.4.

46.

Defendants knowingly, intentionally, willfully and recklessly failed to pay the Plaintiffs in conformity with the requirements of the FLSA.

47.

Upon information and belief, for at least three (3) years prior to the filing of this Complaint, Defendants have had a uniform policy and practice of consistently failing or refusing to fully compensate its employees for all time worked, including not receiving the straight time wages and overtime premium wages and have also misclassified its employees as exempt from the FLSA.

48.

Effective January 1, 2015, 29 C.F.R. 785.10 to 785.45 provides that workers providing services to the disable and the elderly and other domestic service workers, including live-in domestic service employees (aside from those limited to an individual, family, or household) providing companionship services are not exempt from the overtime provision of the FLSA.

49.

For work performed prior to January 1, 2015, the Department of Labor ("DOL") regulations that relate to Domestic Service Employees specifically provided that in the event that the household work exceeds twenty percent (20%)

of the total weekly hours worked then the employee is entitled to be paid for all hours in compliance with the minimum wage and overtime requirements of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"). Plaintiffs', and others similarly situated, household work far exceeded twenty percent (20%) of their duties, which entitles each to overtime pay.

50.

This action is brought to recover unpaid compensation, in the form of wages, for hourly employees who performed work involving interstate commerce and/or work for an enterprise engaged in interstate commerce without being paid for it, failure to pay minimum wages, and/or failure to pay the premium for hours worked in excess of forty (40) per week.

51.

Upon information and belief, for at least three (3) years prior to the filing of this Complaint, Defendants have had a uniform policy and practice of consistently failing or refusing to fully compensate its employees for all time worked, including not receiving the minimum wage, straight time wages, and overtime premium.

52.

For at least three (3) years, Defendants have been aware of the requirements of the FLSA, the Department of Labor's regulations, and their own violations of

the FLSA. Despite this knowledge, Defendants failed to pay Plaintiffs the amount of pay as required by law.

53.

As a result of the Defendants' violation of the FLSA, Plaintiffs, as well as other similarly situated employees, have suffered damages by failing to receive compensation due in accordance with the FLSA.

54.

Plaintiffs are entitled to the amount of unpaid wages and is also entitled to recover an additional equal amount as liquidated damages pursuant to the FLSA and prejudgment interest.

55.

Defendants have not made a good faith effort to comply with the FLSA.

56.

Plaintiffs are entitled to an award of attorneys' fees under the FLSA.

57.

There are numerous similarly situated hourly employees and former hourly employees of Defendants who have been improperly compensated in violation of the FLSA, and would likewise benefit from the issuance of Court supervised notice of this case as well as an opportunity to join the present case.

58.

Upon information and belief, there are numerous similarly situated current and former employees of the Defendants who were not compensated for all hours worked, were not paid the overtime premium for those hours in excess of forty (40) per week, were not paid at least the minimum wage, and who misclassified as exempt as set forth in this Complaint.

59.

The similarly situated employees are known to Defendants and are readily identifiable from the Defendants' employee records.

60.

There exists a common question of law and fact with regard to Plaintiffs and all similarly situated current and former employees. Those issues include but are not limited to:

a. Whether the Defendants failed to pay overtime wages to its employees when working more than forty (40) hours in a week;

b. Whether the Defendants failed to pay regular wages to its employees when working more that forty (40) hours in a week; and

c. Whether the Plaintiffs were misclassified as exempt employees.

61.

Defendants fraudulently concealed the true hours worked by its employees and the applicable statute of limitations is tolled for as long as Defendants engaged or engages in the fraudulent and misleading conduct set forth herein, which is a period of at least seven (7) years. Defendants are estopped from raising such statute of limitations as a bar to full recovery.

**IV. COUNT ONE: COLLECTIVE ACTION CLAIMS FOR VIOLATIONS OF THE FLSA - FAILURE TO PAY STRAIGHT AND OVERTIME WAGES**

62.

Plaintiffs incorporate by reference paragraphs 1 – 61 as if full set forth herein.

63.

Defendants have misclassified Plaintiffs and similarly situated employees as exempt employees.

64.

Plaintiffs and similarly situated employees as non-exempt employees of Defendants were entitled to be paid straight time for all hours worked and overtime for each hour worked in excess of forty (40) hours per week.

65.

The Defendants have willfully failed to compensate Plaintiffs and similarly situated employees for all hours suffered including both the straight time hours and overtime hours worked during their employment.

66.

Defendants, by such failure, have willfully violated the wage and overtime provisions of the FLSA.

67.

Defendants have failed to keep adequate records of all time worked by the Plaintiff.

68.

Defendants, by such failure, have willfully violated the provisions of the FLSA.

**WHEREFORE**, Plaintiffs pray that this Honorable Court enter judgment in favor for:

A. Payment of all wages Plaintiffs should have received under the FLSA, but for Defendants' willful violation;

B. Payment of an equal amount of liquidated damages and interest pursuant to the FLSA;

C. Such other legal and equitable relief including but not limited to, any injunctive and/or declaratory relief, to which they may be entitled; and

D. All reasonable costs and attorneys' fees pursuant to the FLSA.

## V. COUNT TWO: PRAYER FOR COLLECTIVE ACTION PURSUANT TO 29 U.S.C. §216(B).

69.

Plaintiffs incorporate by reference paragraphs 1 – 68 as if fully set forth herein.

70.

Plaintiffs bring this action for violations of the FLSA as a collective action pursuant to 29 U.S.C. §216(b), on behalf of themselves and all present and former non-exempt employees of the Defendants, who worked within the three (3) years prior to the filing of this complaint.

71.

Plaintiffs, and those employees similarly situated, worked at the same location, and are subjected to the same unlawful and willful wage policies and practice that are the subject of this complaint.

72.

Plaintiffs and all those employees similarly situated have substantially similar job duties, similar pay provisions, are all subjected to similar managerial oversight, and are all subject to the same widespread pattern and practice of unlawful wage policies and procedures.

73.

Upon information and belief, there are numerous similarly situated current and former employees of the Defendants who were not compensated for all hours worked, who were not paid the overtime premium for those hours in excess of forty (40) per week, and who were misclassified as exempt employees.

74.

The similarly situated employees are known to Defendants and are readily identifiable from the Defendants' employee records.

75.

There exists a common question of law and fact with regard to Plaintiffs and all similarly situated current and former employees. Those issues include but are not limited to:

    a.    Whether the Defendants failed to pay overtime wages to its employees when working more than forty (40) hours in a week.

b. Whether the Defendants failed to pay regular wages to its employees when working more that forty (40) hours in a week; and

c. Whether the Defendants misclassified Plaintiffs as exempt employees.

WHEREFORE Plaintiffs, individually and on behalf of all other similarly situated persons, in accordance with 29 U.S.C. §216(b), pray for the following relief:

A. At the earliest time, Plaintiffs be allowed to give notice, or that the Court issue such Notice to all Defendants' hourly employees at its locations during the three (3) years preceding the filing of this action, to all potential Plaintiffs who may be similarly situated informing them of this action, the nature of this action, and inform them of their right to opt-in to this lawsuit if the employee or former employee worked overtime but was not paid in accordance with the FLSA or was classified as exempt from the FLSA;

B. Plaintiffs, and all other potential Plaintiffs, be awarded damages in the amount of each Plaintiffs' respective unpaid compensation and benefits, plus an equal amount of liquidated damages pursuant to the FLSA;

C. Plaintiffs' and all other potential plaintiffs' reasonable attorneys' fees, costs and expenses; and

D. Such other legal and equitable relief including but not limited to, any injunctive and/or declaratory relief, to which they may be entitled.

Respectfully submitted, this 18th day of April, 2017.

*Attorneys for Plaintiff*

**THE VAUGHN LAW FIRM, LLC**

/s/ Christopher D. Vaughn_____
Christopher D. Vaughn, Esq.
Georgia Bar No. 726226
Frank DeMelfi, Esq.
Georgia Bar No. 320128
A. Brian Henson, Esq.
Georgia Bar No. 74726

Decatur, Georgia 30030
phone: 404-378-1290
facsimile: 404-378-1295